## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

```
-------------------------------------------------------x
ANDREW HUZAR,                                          :
     Plaintiff                                         :    CASE NO.:
                                                       :
                                                       :    JUDGE:
                                                       :
vs.                                                    :    MAGISTATE JUDGE:
                                                       :
                                                       :
                                                       :
GROUPON, INC.,                                         :
     Defendant.                                        :
                                                       :
-------------------------------------------------------x
```

## **CLASS ACTION COMPLAINT**

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

−President George H. W. Bush, July 26, 1990

**BIZER & DEREUS**
*Attorneys for plaintiff*
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

\*\*\*AND\*\*\*

**LAW OFFICE OF CHARLES E. MCELVENNY**
*Designated Local Counsel / Trial Bar Atty.*
Charles McElvenny (IL # 6281350)
53 W. Jackson Blvd.
Suite 401
Chicago, IL 60604
312-291-8330(o)
www.cemlawfirm.com

1

Plaintiff, ANDREW HUZAR, an individual, on behalf of himself and on behalf of a Class of persons with disabilities, by and through his undersigned counsel, hereby files this Complaint and sues GROUPON, INC. (hereinafter "DEFENDANT") under Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. Section 12181, *et seq.*

Under the ADA, MR. HUZAR seeks injunctive relief and reasonable attorneys' fees and costs on behalf of himself, and on behalf of a nation-wide Class, that have been unable to use DEFENDANT's website to purchase accessible public event tickets.

Under the ADA, MR. HUZAR also seeks injunctive relief and reasonable attorneys' fees and costs on behalf of himself, and on behalf of a nation-wide Class, that have been unable to use DEFENDANT's website to purchase accessible travel arrangements.

## JURISDICTION AND PARTIES

1. This is an action for relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because DEFENDANT is headquartered in Chicago, Illinois and therefore resides in the Northern District of Illinois.

3. Title III of the Americans with Disabilities Act (ADA) prohibits discrimination based on disability in the full use and enjoyment of the goods, services or accommodations of any place of public accommodation by any person who operates such a place of public accommodation. 42 U.S.C. § 12182(a).

4. MR. HUZAR is a qualified individual with a disability under the ADA. MR. HUZAR has spina bifida and uses a wheelchair for mobility.

5. DEFENDANT provides an extremely popular method by which individuals can purchase tickets and vouchers to public events. Through its website, DEFENDANT makes tickets and vouchers available for sale to sports events, concerts, plays, etc. These events are held in places of public accommodation such as sporting venues, concert halls, and theaters.

6. DEFENDANT also provides an extremely popular method by which individuals can reserve hotel rooms and other travel arrangements. Through its website, DEFENDANT makes hotel rooms, group travel, and Groupon Getaways packages available for sale. These events are held in places of public accommodation such hotels, inns, and other public locations.

7. MR. HUZAR brings this action because DEFENDANT failed and continues to fail to offer equal opportunities to persons with disabilities, as required by the ADA.

8. DEFENDANT is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois.

## CLASS ACTION ALLEGATIONS

9. The First Class (hereinafter "First Class") consists of all persons with a disability located in the United States who intended or desired to purchase accessible-designated ticket(s) to public events through DEFENDANT's website, but have been unable to purchase accessible ticket(s) through the Groupon website due to the complete lack of accessible ticketing options.

10. The Second Class (hereinafter "Second Class") consists of all persons with a disability located in the United States who intended or desired to purchase accessible travel arrangements through DEFENDANT's website, but were unable to purchase accessible travel arrangements through the Groupon website due to the complete lack of accessible travel options.

11. Both Classes are believed to consist of tens of thousands of members.

12. Common questions of law and fact exist as to all members of the Classes, and predominate over any questions affecting solely individual members of the Classes. Among the questions of law and fact common to the Classes:

    (a) Whether DEFENDANT's provision of tickets for sale to in-person events and its sales of travel arrangements makes DEFENDANT a covered entity under Title III of the ADA;

    (b) Whether DEFENDANT has failed to comply with the ticketing regulations of Title III of the ADA;

    (c) Whether DEFENDANT has failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals;

    (d) Whether DEFENDANT has made reasonable modifications to its policies, practices, and procedures when such modifications are necessary to afford such programs, services, and accommodation to individuals with disabilities; and

    (f) What injunctive relief should be awarded to the Classes.

13. MR. HUZAR's claims are typical of the claims of the members of the Classes, as MR. HUZAR and members of the Classes sustained and continue to sustain injuries arising out of the DEFENDANT's conduct or omissions in violation of federal law as complained of herein.

14. MR. HUZAR, like all other members of the Classes, claim that DEFENDANT has violated the ADA by failing to make provide persons with disabilities with the option to purchase accessible tickets and travel arrangements.

15. MR. HUZAR will fairly and adequately protect the interests of the members of the Classes, and has retained counsel that is highly competent, experienced, and knowledge of the requirements of the ADA and litigation under the ADA. Further, class counsel is familiar with class action litigation. MR. HUZR has no interests antagonistic to, or in conflict with, those of the Classes.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since joinder of all members is impracticable.

17. There is no anticipated difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of thousands of similar suits by disabled people across the United States. There are no obstacles to effective and efficient management of the lawsuit as a class action.

**FACTS**

18. DEFENDANT operates a website which individuals can visit to purchase discounted

tickets to various in-person public events.

19. On or about July 30, 2015, MR. HUZAR visited DEFENDANT's website and attempted to purchase an accessible room to a "Groupon Getaway" deal, but while on DEFENDANT's website MR. HUZAR discovered that there were no option for the purchase of accessible rooms.

20. Specifically, MR. HUZAR was interested in staying at the Red Lion Hotel in Harrisburg East in Pennsylvania.

21. On or about July 30, 2015, MR. HUZAR emailed DEFENDANT and asked "Is there any way to book a wheelchair accessible room with this offer?"

22. On or about July 30, 2015, DEFENDANT responded back "I'm sorry, unfortunately handicap-accessible rooms are not available."

23. Since July 30, 2015, MR. HUZAR has been deterred from attempting to purchase accessible hotel rooms and Groupon Getaways from DEFENDANT as he knows such an attempt would merely be a futile gesture.

24. MR. HUZAR continues to desire to purchase hotel rooms and Groupon Getaways from DEFENDANT, but fears that he will experience serious difficulty doing so as a result of the complete lack of accessible options.

25. On or about July 21, 2016, MR. HUZAR was emailed a "groupon deal" which advertised the sale of tickets for the upcoming football season of the New York Jets at the MetLife Stadium.

26. The tickets available for sale on or about July 21, 2016 included various games which were to be played by the New York Jets, including but not limited to August 11, 2016,

August 27, 2016, and October 23, 2016.

27. As a sports fan, MR. HUZAR visited DEFENDANT's website and attempted to make a purchase of the New York Jets tickets.

28. While on DEFENDANT's website, MR. HUZAR discovered the complete absence of the sale of any accessible-designated tickets.

29. While on DEFENDANT's website, MR. HUZAR discovered that DEFENDANT did not have any method for patrons with disabilities to purchase tickets.

30. While on DEFENDANT'S website, MR. HUZAR discovered that DEFENDANT did not have any method for patrons with disabilities to examine the availability of accessible-designated tickets.

31. MR. HUZAR has personal knowledge that accessible-designated seating exists at the MetLife Stadium.

32. MR. HUZAR is presently aware that if he tried to try to purchase accessible tickets on DEFENDANT's website, he would be unable to do so.

33. MR. HUZAR continues to desire to purchase tickets on DEFENDANT's website, but fears that he will experience serious difficulty doing so as a result of the complete lack of accessible options.

34. The ADA violations discussed above are excluding MR. HUZAR from the ticketing programs, services, and accommodations offered by DEFENDANT to the public.

35. Upon information and belief, providing accessible purchasing options through DEFENDANT's website to persons with disabilities is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on

DEFENDANT.

36. Upon information and belief, making the ticketing, hotel, and Groupon Getaway programs, services, and accommodations accessible would provide MR. HUZAR with an equal opportunity to participate in, or benefit from, the programs, services, and accommodations which DEFENDANT offers to the general public.

37. DEFENDANT's website serves as a nexus or conduct for individuals to obtain access to places of public accommodation and is directly linked to places of public accommodation.

38. MR. HUZAR has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. HUZAR is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT I – VIOLATION OF

## TITLE III OF THE AMERICANS WITH DISABILITIES ACT

39. MR. HUZAR incorporates by reference each and every allegation herein.

40. Title III of the ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41. In addition, regulations promulgated by the United States Department of Justice provide that:

"A public accommodation that sells tickets for a single event or series of events shall modify its policies, practices, or procedures to ensure that individuals with disabilities have an equal opportunity to purchase tickets for accessible seating –

(A) During the same hours;

(B) During the same stages of ticket sales, including, but not limited to, pre-sales, promotions, lotteries, wait-lists, and general sales;

(C) Through the same methods of distribution;

(D) In the same types and numbers of ticketing sales outlets, including telephone service, in-person ticket sales at the facility, or third-party ticketing services, as other patrons; and

(E) Under the same terms and conditions as other tickets sold for the same event or series of events."

49 C.F.R. § 36.302 (f)

42. DEFENDANT sells discounted tickets for "single events" to the general public, but DEFENDANT has failed to modify its policies, practices, or procedures to ensure that individuals with disabilities have an equal opportunity to purchase tickets for accessible seating.

43. As discussed above, DEFENDANT has absolutely zero (0) accessible options for patrons with disabilities who want to purchase accessible tickets to Jets games or other in-person sporting events.

44. DEFENDANT has discriminated and is discriminating against MR. HUZAR and the Class in violation of the ADA by failing to provide the option of purchasing accessible tickets.

45. DEFENDANT continues to discriminate against the MR. HUZAR and the Classes by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford persons with disabilities the ability to purchase tickets; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied goods and services, segregated or otherwise treated differently than other individuals.

46. MR. HUZAR and the Classes have been injured by the discrimination they encountered when they were unable to purchase accessible tickets from DEFENDANT.

47. MR. HUZAR's injuries are traceable to DEFENDANT's discriminatory conduct, policies, or lack of policies alleged herein and will be redressed by the relief requested. MR. HUZAR and the Classes have been injured and will continue to be injured by DEFENDANT's failure to comply with the ADA and DEFENDANT's continued acts of discrimination.

48. MR. HUZAR and the Classes are suffering irreparable harm.

49. Pursuant to 42 U.S.C. § 12188, this Court has authority to grant MR. HUZARs' injunctive relief, including an Order that DEFENDANT is in violation of the ADA and require DEFENDANT to the methods through which it makes tickets, hotels, and Groupon Getaways available to the general public accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA.

WHEREFORE, ANDREW HUZAR demands judgment against DEFENDANT, and requests the following relief:

A. that this Court certify the proposed Classes;

B. that this Court certify MR. HUZAR as class representatives on behalf of the Classes;

C. that this Court declare that DEFENDANT's policies, procedures, and services have provided in a discriminatory manner which violates the ADA;

D. that this Court Order injunctive relief to require DEFENDANT to bring itself into compliance and remain in compliance with the ADA;

E. that this Court award an incentive award to MR. HUZAR for the time, burden, and difficulty of bringing and maintaining this action;

F. that this Court award reasonable attorneys' fees and costs (including expert fees) and other expenses of suit; and

G. that this Court awards such other and further relief as it deems necessary, just, proper, and appropriate.

Respectfully Submitted,

**BIZER & DEREUS**
*Attorneys for plaintiff*
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

**LAW OFFICE OF CHARLES E. MCELVENNY**
*Designated Local Counsel / Trial Bar Atty.*
Charles McElvenny (IL # 6281350)
53 W. Jackson Blvd.
Suite 401
Chicago, IL 60604
312-291-8330(o)
www.cemlawfirm.com


By: /s/ Charles McElvenny
     Charles McElvenny